IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE LUIS BERRÍOS-TRINIDAD,<br><br>         Plaintiff<br><br>         v.<br><br>CARLOS RUIZ-NAZARIO, et al.,<br><br>         Defendants | CIVIL NO. 08-1809 (JP) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss (**No. 11**) filed by Defendants Carlos Ruiz-Nazario ("Ruiz") and Maribel Rodríguez-Calo ("Rodríguez"), in their official and personal capacities.[1] Plaintiff Jorge Luis Berríos-Trinidad ("Berríos") filed the instant complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") for violations of his rights under the First and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that Defendants discriminated against him because of his political affiliation with the New Progressive Party ("NPP") by failing to promote him to a higher employment position. Defendants move to dismiss the complaint on various grounds, including, *inter alia*, Eleventh Amendment immunity. For the reasons stated herein, Defendants' motion is hereby **GRANTED IN PART AND DENIED IN PART**.

---

1.   Defendants Monserrate Bayrón-Figueroa ("Bayrón"), Alexis Villahermosa ("Villahermosa") and Jorge Martínez ("Martínez") joined said motion to dismiss (No. 14).

CIVIL NO. 08-1809 (JP)          -2-

## I.   **FACTUAL ALLEGATIONS**

Plaintiff Berríos has been employed by Defendant Puerto Rico State Insurance Fund (the "SIF") for approximately thirty years. At the time of the filing of the complaint, he held an undisclosed tenure position. Plaintiff, a member of the NPP political party, alleges that the SIF was under the control of the Popular Democratic Party ("PDP") at all times relevant to the complaint.

On March 3, 2008, Plaintiff applied for the post of Director of the Data Processing Center at the SIF. Also applying for this position were Defendant Rodríguez, allegedly a member of the PDP, and Nestor Clemente, allegedly a member of the NPP. The interviews for the position took place on May 28, 2008. The interview committee was comprised of Defendant Bayrón, Director of the Area of Systems Information; Defendant Martínez, Associate Finance Director; and Defendant Villahermosa, Director of the Office of Human Resources. Plaintiff alleges that all members of the interview committee are members of the PDP who were appointed by the administrator of the SIF to trust positions. No written exam was conducted. In June, 2008, Defendant Rodríguez was named Director of the Data Processing Center.

Plaintiff alleges that Defendant Rodríguez was hired because of her political affiliation, despite the fact that she is less qualified than Plaintiff. Plaintiff alleges that he had served as interim Director of the Data Processing Center for thirteen months from August 2006 to September 2007, a position that was never held by Defendant Rodríguez. Further, Plaintiff alleges that Defendant

CIVIL NO. 08-1809 (JP)        -3-

Rodríguez lacks the technical and administrative knowledge necessary for the position because she comes from the finance area, which is unrelated to data processing.  Defendant Rodríguez also allegedly lacks the eight years of prior experience in supervision that was a requisite for the post of Director of the Center for Data Processing.

Plaintiff claims that his service in the United States Armed Forces entitles him to a preferential position for the promotion, which was not properly considered by Defendants.  Additionally, Plaintiff alleges that he possesses the skills, training, and experience for the position of Director of the Center for Data Processing.

Further, Plaintiff claims that he had applied for two prior positions, Director of Technical Support of Information and Advisor of Informatic Operation, and was rejected because of his political affiliation, even though he was qualified to hold such positions. Plaintiff alleges that members of the PDP were selected for these positions as well.  As a result of Defendants' failure to promote Plaintiff Berríos, Plaintiff alleges that he suffers mental distress.

## II.    **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974.

CIVIL NO. 08-1809 (JP)              -4-

The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. ANALYSIS

Defendants move the Court to dismiss Plaintiff's complaint on the following grounds: (1) Defendants are immune from lawsuits for monetary damages in their official capacities pursuant to the Eleventh Amendment, (2) Plaintiff has failed to state a cognizable claim under Section 1983, (3) Defendants are entitled to qualified immunity in their personal capacities, (4) Plaintiff has failed to state a conspiracy claim, and (5) the Court should dismiss any pendent jurisdiction claims. The Court will now consider Defendants' arguments in turn.

#### A. Eleventh Amendment Immunity

Defendants argue that the allegations against them should be dismissed on the basis of Eleventh Amendment immunity. The Eleventh Amendment bars a suit brought in federal courts against states,

CIVIL NO. 08-1809 (JP)          -5-

unless the state being sued waives its immunity or consents to be sued. U.S. CONST. amend. XI. Puerto Rico is considered a state for Eleventh Amendment purposes. Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993). Absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142 (1993). Further, the enactment of Section 1983 did not serve to abrogate the states' Eleventh Amendment immunity. See, e.g., Quern v. Jordan, 440 U.S. 332, 342 (1979).

The suit against Defendants in their official capacity is tantamount to an action directly against the state. See Acevedo-Orama v. Rodríguez-Rivera, 389 F. Supp. 2d 238, 245 (D.P.R. 2005). However, state officials acting in their official capacity are not protected from claims for injunctive relief by the immunity afforded by the Eleventh Amendment, since said immunity only shields said officials against claims seeking monetary relief. Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 123 (1st Cir. 2003) (citing Ex parte Young, 209 U.S. 123, 155-156 (1908)); see also Redondo-Borges v. United States HUD, 421 F.3d 1 (1st Cir. 2005) (holding that Eleventh Amendment immunity does not bar prospective injunctive relief against official capacity defendants).

In its opposition, Plaintiff argues that the SIF is not an arm of the state for Eleventh Amendment immunity purposes. The United States Court of Appeals for the First Circuit has held that:

CIVIL NO. 08-1809 (JP)           -6-

> [T]he Eleventh Amendment bars federal court lawsuits by private parties insofar as they attempt to impose liabilities necessarily payable from public coffers, unless the state has consented to suit or unless the protective cloak of the amendment has been doffed by waiver or stripped away by congressional fiat.

Metcalf & Eddy, Inc., 991 F.2d at 938 (citing Ramírez v. Puerto Rico Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983)). The First Circuit further held that, generally, if a state has a legal obligation to satisfy judgments against an institution out of public funds, said institution is shielded from federal adjudication by the Eleventh Amendment. Metcalf & Eddy, Inc., 991 F.2d at 939 (internal citations omitted). Courts consider seven related factors to determine whether an agency is protected by Eleventh Amendment immunity, which are as follows:

> (1) [W]hether the agency has the funding power to enable it to satisfy judgments without direct state participation or guarantees; (2) whether the agency's function is governmental or proprietary; (3) whether the agency is separately incorporated; (4) whether the state exerts control over the agency, and if so, to what extent; (5) whether the agency has the power to sue, be sued, and enter contracts in its own name and right; (6) whether the agency's property is subject to state taxation; and (7) whether the state has immunized itself from responsibility for the agency's acts or omissions.

Metcalf & Eddy, Inc., 991 F.2d at 939-940. This list is not completely exhaustive, and a court may consider other factors in making its determination. Id. at 940.

The Court must now determine whether the SIF is an agency protected by the Eleventh Amendment. Case-law on this issue is sparse and contradictory. This Court has previously dismissed a

CIVIL NO. 08-1809 (JP)           -7-

plaintiff's complaint against the Administrator of the State Insurance Fund on Eleventh Amendment immunity grounds.  See Lusson v. Carter, 704 F.2d 646, 647 (1st Cir. 1983) (said issue was not addressed on appeal).  However, in Data Research Corp. v. Hernandez, the parties apparently agreed that the SIF was not entitled to Eleventh Amendment immunity.  261 F. Supp. 2d 61, 68 (D.P.R. 2003) (noting that the defendants "in the SIF case do not expressly concede the point, but offer no developed argumentation suggesting that the SIF is somehow entitled to Eleventh Amendment immunity").

Given that the issue of whether the SIF is an arm-of-the-state for Eleventh Amendment immunity purposes is an open question in this jurisdiction, and taking the facts in the light most favorable to Plaintiff, the Court **DENIES** Defendants' motion to dismiss on Eleventh Amendment immunity grounds at this juncture.

### B.    Plaintiff's Section 1983 Claims

Plaintiff Berríos brings claims against Defendants for violations of his First Amendment and Fourteenth Amendment rights pursuant to Section 1983.  Section 1983 provides a procedural mechanism for enforcing federal constitutional or statutory rights. See Albright v. Oliver, 510 U.S. 266, 271 (1994).  In order to prevail on a Section 1983 claim, a plaintiff must demonstrate that the defendant (1) acted under color of state law and (2) deprived him of the identified federal right.  See Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005), quoting Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 32 (1st Cir. 1996).  Puerto Rico is

CIVIL NO. 08-1809 (JP)          -8-

considered a state for Section 1983 purposes. Rivera-Lugaro v. Rullán, 500 F. Supp. 2d 28, 39 (D.P.R. 2007).

### 1. First Amendment Rights

Defendants move to dismiss Plaintiff's Section 1983 claims for violations of his First Amendment rights, arguing that Plaintiff fails to meet his *prima facie* burden. The First Amendment protects public employees who do not hold confidential policy-making positions from adverse employment actions based on political affiliation. See Branti v. Finkel, 445 U.S. 507, 517-519 (1980); Rutan v. Republican Party of Illinois, 497 U.S. 62, 75 (1990) (extending the prohibition on patronage dismissals to include promotion, transfer, recall, or hiring decisions). To state a claim of political discrimination upon which relief may be granted, a public employee must allege that he engaged in constitutionally-protected conduct and that this conduct was a substantial or motivating factor in the adverse employment decision. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1997); Acevedo-García v. Vera-Monroig, 204 F.3d 1 (1st Cir. 2000); Padilla-García v. Rodríguez, 212 F.3d 69, 73 (1st Cir. 2000) (emphasizing that the protected conduct need only be a factor in the employment decision, not the motivating factor). This showing requires more than merely "juxtaposing a protected characteristic - someone else's politics - with the fact that Plaintiff was treated unfairly." Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 58 (1st Cir. 1990); see also Rodríguez-Ríos v. Cordero, 138 F.3d 22, 24 (1st Cir. 1998).

CIVIL NO. 08-1809 (JP)            -9-

Nevertheless, a plaintiff need not produce direct evidence of discriminatory treatment to establish a *prima facie* case of political discrimination; circumstantial evidence alone can support a finding of political discrimination. Acosta-Orozco v. Rodríguez de Rivera, 132 F.3d 97, 102 (1st Cir. 1997). The plaintiff must point to evidence on the record which, if credited, would permit a rational fact-finder to conclude that the challenged action occurred and stemmed from politically based discriminatory animus. González de Blasini v. Family Department, 377 F.3d 81, 85 (1st Cir. 2004).

The Court holds that at this stage of the litigation, Plaintiff Berríos has met his *prima facie* burden of asserting a First Amendment violation based on political discrimination. Plaintiff alleges that he is a member of the NPP, while the individuals in control of promotion at the SIF are members of the PDP. Plaintiff has alleged that he is qualified for the position to which he sought promotion, yet an arguably less-qualified individual was chosen who is of the same political affiliation as the members of the interview committee. Moreover, this is the third promotion for which Plaintiff has applied and has been passed over as a result of the selection of a PDP-affiliated colleague. Accordingly, Plaintiff has stated a claim that would permit a rational fact-finder to conclude that the challenged action occurred and stemmed from politically based discriminatory animus. González de Blasini, 377 F.3d at 85.

CIVIL NO. 08-1809 (JP)          -10-

### 2.   Fourteenth Amendment Rights

Defendants move to dismiss Plaintiff's claims for violations of his rights under the Fourteenth Amendment as brought pursuant to Section 1983.  The Fourteenth Amendment provides that no state shall deprive any person of life, liberty or property without due process of law.  U.S. CONST. amend. XIV; see generally Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972).  The Fourteenth Amendment due process clause includes both a substantive due process right and a procedural due process right. Harrah Independent School Dist. v. Martin, 440 U.S. 194 (1979).  Although Plaintiff did not make clear whether his alleged Fourteenth Amendment violations are procedural or substantive in nature, the Court interprets Plaintiff's complaint to allege a procedural due process violation from the allegations of the complaint.  To prevail on a procedural due process claim, a plaintiff must establish a protected liberty or property interest, and allege that while acting under color of state law the defendants deprived him of that interest without adequate process. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 56 (1st Cir. 2006). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ."   Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

In the case at bar, Plaintiff loosely alleges that he had a property interest in an appointment to the position of Director of the Data Processing Center at the SIF, and that Defendants deprived

CIVIL NO. 08-1809 (JP)          -11-

him of said property interest.  This Court has held that where a plaintiff had interviewed and been offered a position, but no employment contract had been signed, the plaintiff had not acquired a property interest in said position because he was never appointed. Santiago-Pérez v. State Ins. Fund Corp., 534 F. Supp. 2d 233, 241 (D.P.R. 2007) (citations omitted).  Here, Plaintiff interviewed and was not offered the position.  He remained in his tenure position when the promotion was denied.  It is clear that Plaintiff had no property interest in the position of Director of the Data Processing Center at the SIF.  Plaintiff has failed to demonstrate that he was deprived of a constitutionally protected right, and as such he has no cause of action for a violation of his due process rights. Therefore, dismissal of Plaintiff's Fourteenth Amendment due process claim is warranted, and the Court will enter a separate judgment accordingly.

### 3.  **Personal Involvement**

Defendants argue that Plaintiff's Section 1983 claims should be dismissed because Plaintiff has failed to allege that Defendants were personally involved in the alleged discriminatory treatment, and therefore there was no causal connection between the alleged deprivation and Defendants' conduct.

A defendant incurs Section 1983 liability only if he was personally involved in the deprivation of rights asserted by a plaintiff; a defendant may be found liable only on the basis of his own acts or omissions.  See Gutiérrez-Rodríguez v. Cartagena,

CIVIL NO. 08-1809 (JP)        -12-

882 F.2d 553, 562 (1st Cir. 1989); Rosado de Vélez v. Zayas, 328 F. Supp. 2d 202, 209 (D.P.R. 2004). A plaintiff may demonstrate personal involvement by showing an affirmative link between the deprivation and the defendant's conduct. See Aponte-Matos v. Toledo-Dávila, 135 F.3d 182, 192 (1st Cir. 1998). "That affirmative link must amount to 'supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference.'" Aponte-Matos, 135 F.3d at 192 (quoting Lipsett v. Univ. of P.R., 864 F.2d 881, 902 (1st Cir. 1998)).

As to the allegations against Defendant Rodríguez, the Court finds that Plaintiff has failed to plead personal involvement. The only allegations against Defendant Rodríguez listed in the complaint stem from her competing candidacy with Plaintiff Berríos for the desired position and her selection for said post. Plaintiff does not allege that Defendant Rodríguez was on the interview committee, or that she had any part of the decision-making process. The allegations against Defendant Rodríguez stem from the fact that she was a member of an opposing political part (PDP) and that she was selected for the position to which Plaintiff had applied. Accordingly, the Court **GRANTS** Defendants' motion to dismiss the complaint against Defendant Rodríguez.

As to the other Defendants, the Court finds that Plaintiff has met his burden of pleading personal involvement and causation. Defendants Bayrón, Martínez, and Villahermosa were on the selection committee that denied the promotion to Plaintiff Berríos, allegedly

CIVIL NO. 08-1809 (JP)         -13-

on discriminatory grounds. Plaintiff alleges that Defendant Ruiz, as Administrator of the SIF, and possibly working along with the interview committee, chose Defendant Rodríguez for the open position because of her political affiliation. Compl. ¶ 12. Because Plaintiff has met his burden of pleading personal involvement as to Defendants Ruiz, Bayrón, Martínez, and Villahermosa, the Court **DENIES** Defendants' motion to dismiss said Defendants for Plaintiff's failure to state a Section 1983 claim against them.

### C.  **Qualified Immunity**

Defendants move to dismiss Plaintiff's complaint on qualified immunity grounds. The doctrine of qualified immunity protects government officials who perform discretionary functions from suit and from liability for monetary damages under Section 1983. See Roldán-Plumey v. Cerezo-Suárez, 115 F.3d 58, 65 (1st Cir. 1997). This defense is designed to create a rebuttable presumption of immunity from personal liability to cover executive officers who perform discretionary functions. See, Id.; Scheuer v. Rhodes, 416 U.S. 232 (1974). Government officials are immune from suit when their conduct does not violate clearly established statutory authority or constitutional rights a reasonable person should have known of at the time of the conduct at issue. Mitchell v. Forsyth, 472 U.S. 511, 524 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

When assessing a claim of qualified immunity, the Court employs a three part test. See Savard v. Rhode Island, 338 F.3d 23, 27

CIVIL NO. 08-1809 (JP)            -14-

(1st Cir. 2003). The threshold inquiry is whether the plaintiff has established a constitutional violation. See Savard, 338 F.3d at 27. The second inquiry is whether the law was clearly established at the time of the violation. Id. The final question is whether a reasonable official, situated similarly to the defendant, would have understood that the conduct at issue violated the clearly established law. See Saucier v. Katz, 533 U.S. 194, 202 (2001).

To defeat the qualified immunity defense, a plaintiff must show that the defendant knew or reasonably should have known the actions he took within his sphere of official responsibility would violate the constitutional rights of the people affected by his actions. Wood v. Strickland, 420 U.S. 308, 322 (1975); see also Crawford-El v. Britton, 523 U.S. 574 (1998). A plaintiff may not overcome the defense by alleging, even if fortified with evidence, that the governmental official acted in a malicious manner or in some way was improperly motivated. Evidence concerning the defendant's subjective intent is no longer relevant or part of the qualified immunity defense. Harlow, 457 U.S. at 817; Crawford-El, 523 U.S. at 588; Wyatt v. Cole, 504 U.S. 158 (1992).

Plaintiff Berríos has raised sufficient allegations to defeat the qualified immunity defense at this point in the litigation. First, he alleged Section 1983 violations. Second, his claims come under clearly established rights, namely the right to political affiliation under the First Amendment. Finally, the allegations in the complaint indicate that reasonable officials acting in

CIVIL NO. 08-1809 (JP)          -15-

Defendants' capacity would know their actions violated Plaintiff's rights. As such, Defendants are not entitled to qualified immunity at this stage of the litigation.

    **D.**    **Conspiracy**

Defendants move to dismiss Plaintiff's civil rights conspiracy claims. The First Circuit has defined a civil rights conspiracy as:

> [A] combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages.

Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988) (citations omitted). In order to prevail on a Section 1983 conspiracy claim, a plaintiff must prove that "there has been, besides the agreement, an actual deprivation of a right secured by the Constitution and the laws." Id. (citing Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980).

In an effort to control frivolous conspiracy actions under Section 1983, the First Circuit has held that a complaint must state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy. Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977). A complaint will not survive a motion to dismiss if it contains only conclusory allegations of conspiracy that are not supported by references to material facts. Id.

CIVIL NO. 08-1809 (JP)          -16-

Plaintiff does not specifically allege a civil conspiracy pursuant to Section 1983 in his complaint, and the Court only addresses this issue because it was raised by Defendants. The only reference in Plaintiff's complaint that could be considered a civil conspiracy allegation is the following:

> That all defendants, members of the Interview Committee plus the administrator for the Puerto Rico State Insurance Fund, codefendant Carlos Ruiz-Nazario, either individually or in agreement within them, chose codefendant Rodríguez Calo because she is of the same political party to which they belong in violation of plaintiff's constitutional rights under the 1st and 14th amendment of the U.S. Constitution.

Compl. ¶ 12. The Court finds that this allegation is insufficient for Plaintiff to prevail on a claim of civil conspiracy under Section 1983 given the pleading standard within this jurisdiction. Therefore, if Plaintiff Berríos did intend to bring a claim of civil conspiracy, said claim is hereby **DENIED**.

**E.   Supplemental Jurisdiction**

Defendants move to dismiss Plaintiff's supplemental claims brought under Puerto Rico law. Specifically, Defendants point to Plaintiff's Puerto Rico law claims stated in paragraph five of the complaint. The Court does not find any reference to a specific Puerto Rico law in said paragraph. Further, the Court understands from its reading of the complaint that Plaintiff only intends to bring federal claims. As such, the Court hereby **FINDS AS MOOT** Defendants' motion to dismiss Plaintiff's Puerto Rico law claims, as no supplemental claims were alleged in the complaint.

CIVIL NO. 08-1809 (JP)           -17-

**IV.  CONCLUSION**

In conclusion, Defendants' motion to dismiss is hereby **GRANTED IN PART AND DENIED IN PART.** The Court will enter a separate judgment dismissing with prejudice Plaintiff's Fourteenth Amendment claims, Plaintiff's civil conspiracy claims, and Plaintiff's complaint against Defendant Rodríguez. Plaintiff's First Amendment claims against Defendants Ruiz, Bayrón, Martínez, Villahermosa, and the SIF remain pending before the Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of March, 2009.

              s/Jaime Pieras, Jr.
              JAIME PIERAS, JR.
            U.S. SENIOR DISTRICT JUDGE