IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE LUIS BERRÍOS-TRINIDAD,<br><br>    Plaintiff<br><br>    v.<br><br>CARLOS RUIZ-NAZARIO, et al.,<br><br>    Defendants | CIVIL NO. 08-1809 (JP) |

**OPINION AND ORDER**

    Plaintiff Jorge Luis Berríos-Trinidad ("Berríos") filed the instant complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") for violations of his rights under the First and Fourteenth Amendments to the United States Constitution.  Specifically, Plaintiff alleges that Defendants Puerto Rico State Insurance Fund (the "SIF"), Carlos Ruiz-Nazario ("Ruiz"), Maribel Rodríguez-Calo ("Rodríguez"), Jorge Martínez ("Martínez"), Alexis Villahermosa ("Villahermosa") and Monserrate Bayrón-Figueroa ("Bayrón") discriminated against him because of his political affiliation with the New Progressive Party ("NPP") by failing to promote him to a higher employment position.[1]

    Defendants moved to dismiss Plaintiff's complaint (No. 11), arguing, *inter alia*, that they are protected from such lawsuits by

---

1.    The complaint was filed against Ruiz, Rodríguez, Martínez, Villahermosa and Bayrón in both their official and personal capacities.  Plaintiff later clarified that his damages claims are only against Defendants in their personal capacities, while Plaintiff seeks injunctive relief against Defendants in their official capacities (No. 12).

CIVIL NO. 08-1809 (JP)          -2-

Eleventh Amendment immunity.  On March 6, 2009, the Court entered an Opinion and Order (No. 19) granting in part and denying in part Defendants' motion to dismiss.  As to the sovereign immunity issue, the Court noted that case-law regarding whether the SIF is entitled to immunity is "sparse and contradictory."  Finding that the issue of whether the SIF is an arm-of-the-state for Eleventh Amendment immunity purposes is an open question in this jurisdiction, and taking the facts in the light most favorable to Plaintiff, the Court denied Defendants' motion to dismiss on sovereign immunity grounds.

After the Opinion and Order (No. 19) was entered, a case came to the Court's attention that sheds further light on the issue of sovereign immunity for the SIF.[2]  Specifically, in Morales-González v. J.R.T., 121 D.P.R. 249 (1988), the Puerto Rico Supreme Court examined the nature and scope of the SIF as a government agency not subject to sue and be sued.  It further considered the government function carried out by the SIF, as compared to a public corporation status of other entities.  Id.  This Court has previously analyzed the Puerto Rico Supreme Court's decision in Morales-González, *supra*, along with the enabling statute, P.R. Laws Ann. tit. 11, §§ 6-8, and concluded that the SIF, as an arm of the state, is entitled to sovereign immunity.  Ramos ex rel. Santiago v. State Ins. Fund Corp., 1994 U.S. Dist. LEXIS 5983 (D.P.R. Apr. 22, 1994).  In an Opinion and

---

2.  This case-law was not cited by the parties in their briefs on Defendants' motion to dismiss.

CIVIL NO. 08-1809 (JP)           -3-

Order written by Magistrate Judge Antonio Castellanos and adopted by Judge Héctor Laffitte (No. 70), the Court found that the SIF undoubtedly exercises a significant government function.  Id. Specifically, the Executive Branch of the government controls the SIF and appoints its manager, the SIF's budget must be submitted for the approval of the Governor, and the SIF must present an annual report to the Legislature of Puerto Rico.  Id.  The SIF may not acquire property, except under certain limitations imposed by statute. Although the SIF's employees were granted the right to collective bargaining, they are not empowered to strike.  Finally, the merit principle of the Personnel Act for the Commonwealth of Puerto Rico permeates the recruitment and permanency of the SIF's workforce.  Id.

Accordingly, this Court finds the SIF to be immune from suit under the Eleventh Amendment in the instant action, and will dismiss Plaintiff's complaint against it.  The Court's prior holding as to Defendants Ruiz, Bayrón, Martínez, Villahermosa is unchanged. Given that Plaintiff has clarified that he brings his claims against said Defendants in their official capacity for injunctive relief only, these claims are not shielded by Eleventh Amendment immunity principles.  Redondo-Borges v. United States HUD, 421 F.3d 1 (1st Cir. 2005) (holding that Eleventh Amendment immunity does not bar prospective injunctive relief against official capacity defendants).

CIVIL NO. 08-1809 (JP)          -4-

In conclusion, the Court will enter a separate judgment dismissing with prejudice Plaintiff's complaint against the SIF.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of March, 2009.

                                                s/Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                     U.S. SENIOR DISTRICT JUDGE